NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEBRA J. RUSSO,              :
                             :
      Plaintiff,           :    Civ. No. 04-5432 (AET)
                             :
    v.                      :
                             :    **MEMORANDUM & ORDER**
JO ANNE B. BARNHART,         :
COMMISSIONER OF SOCIAL       :
SECURITY,                    :
                             :
      Defendant.           :

THOMPSON, U.S.D.J.

    This matter is before the Court on Plaintiff Debra J. Russo's appeal of a final administrative decision by Defendant Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for Social Security Disability Insurance ("SSDI") benefits. The Court has jurisdiction to decide this matter pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth below, the decision of the Commissioner is affirmed.

BACKGROUND

    Plaintiff is 46 years old and has a high school education. Her past work experience includes employment as a cafeteria worker, teacher's aide, bookkeeper, and bus aide. (R. 14.)[1] In June of 1999, Plaintiff was involved in a car accident that resulted in injuries to her neck, following which Plaintiff underwent surgery to repair the resultant damage. On June 20, 2002, Plaintiff filed an

---

[1] Page citations are to the administrative record filed by the Commissioner as part of her answer.

application for SSDI benefits alleging an inability to work due to pain in her neck, arms, and hands as a result of the 1999 car accident. (R. 67.) The Commissioner denied the claim, and Plaintiff filed a request for reconsideration. (R. 47-50.) Reconsideration was granted, but Plaintiff's claim was once again denied. (R. 52-53.) In response, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). (R. 54.) This request was granted and the hearing took place on May 24, 2004. (R. 22.)

At the hearing, Plaintiff testified that she stopped working in September of 2001 following her car accident. (R. 31.) Plaintiff stated that her symptoms initially improved following her surgery. However, Plaintiff asserted that six months following her surgery, the pain progressively got worse. (R. 34.) Plaintiff also testified that she takes the drugs Neurontin and Soma during the day to help numb her pain, but that they cause her to feel drowsy and tired. (R. 35.) Plaintiff asserted that notwithstanding her pain, she could drive ten miles and walk a quarter of a mile. (R. 34.)

The ALJ found that (1) Plaintiff met the nondisability requirements for a period of disability under the Social Security Act and was insured for benefits through the date of the decision; (2) Plaintiff had not engaged in substantial gainful activity since the alleged onset of disability; (3) Plaintiff's cervical spine disorder was a severe impairment; (4) Plaintiff's impairment was not equal to one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 of the Social Security Act; (5) Plaintiff's allegations regarding her claimed disability were not credible; (6) Plaintiff retained the RFC to perform the exertional demands of light level work; (7) Plaintiff was able to perform her past work as a bookkeeper or bus aide; (8) Plaintiff was a "younger individual" pursuant to 20 C.F.R. § 404.1563; (9) Plaintiff had a high school education;

and (10) Plaintiff's non-exertional limitations had not compromised her ability to perform light work. (R. 20.) Accordingly, the ALJ concluded that Plaintiff was not disabled under the definition of the Social Security Act and denied her SSDI benefits.

Plaintiff filed a request for review of the ALJ's decision with the Office of Hearings and Appeals ("Appeals Council"). (R. 9.) The Appeals Council denied Plaintiff's request for review. (R. 5.) Plaintiff then filed the instant action. The issue before the Court is whether substantial evidence in the record supports the Commissioner's decision denying Plaintiff SSDI benefits.

## LAW

A.   Standard of Review

A reviewing court must confirm the ALJ's decision where it is supported by substantial evidence in the record. 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390 (1971). The ALJ's decision is afforded a great amount of deference. A court should not "set the decision aside if it is supported by substantial evidence, even if [it] would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

B.   Standard for Disability Benefits Under the Social Security Act

For purposes of the Social Security Act, "disability" is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A). An individual is not under a disability unless "his physical

or mental impairment or impairments are of such severity that he is . . . unable to do his previous work . . . [and] cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id.

The Social Security Administration has established a five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 404.1520; see generally Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). The claimant bears the burden of proof at steps one through four. Adorno, 40 F.3d at 46. The ALJ has the burden of proof in the final step. Burnett v. Commissioner of Social Security, 220 F.3d 112, 126 (3d Cir. 2000).

Step one requires a claimant to show that he is not engaged in substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(I). In step two, the ALJ considers the medical severity of the claimant's impairment. If the claimant does not have a severe medical impairment or combination of impairments significantly limiting his physical or mental ability to do basic work activities, then the claimant is considered not disabled. 20 C.F.R. § 404.1520. In step three, the ALJ must determine whether or not the claimant's severe medical impairment meets or equals a listed impairment in the appendix of the Social Security regulations. 20 C.F.R. §404.1520(a)(4)(iii). If the ALJ finds that the claimant's impairment meets or equals one of the listed impairments, then the claimant is automatically eligible for benefits. 20 C.F.R. § 404.1520(d).

If in step three the claimant's impairment does not meet or equal one of the listed impairments, the ALJ must then assess the claimant's residual functional capacity (RFC). A claimant's RFC is defined as "work that an individual is still able to do despite the physical or mental limitations caused by impairment(s)." Hartranft, 181 F.3d at 359 n.1 (citing 20 C.F.R. §404.1545(a)). In making an RFC assessment, the ALJ considers the claimant's impairments,

including any symptoms such as pain, that may cause physical or mental limitations that affect what the claimant can do in a work setting. 20 C.F.R. § 404.1545(a). The claimant's RFC aids the ALJ's determination in steps four and five. 20 C.F.R. § 404.1520(a)(4)(iv).

In step four, the ALJ uses the claimant's RFC assessment to determine if the claimant can perform "past relevant work" despite impairments. "Past relevant work" is defined as "substantial gainful activity that the claimant has done within the past fifteen years, and that lasted long enough for the claimant to learn to do it." 20 C.F.R. § 404.1560(b)(1). If a claimant can perform past relevant work, he is not eligible for disability benefits. 20 C.F.R. §404.1520(a)(4)(iv). Step five requires the ALJ to show that there are jobs in the national economy that the claimant can perform given his medical impairments, age, education, past work experience, and RFC. Plummer, 186 F.3d at 428.

## DISCUSSION

A.   Commissioner's Disability Analysis

The ALJ complied with the five step process promulgated by the Social Security Administration. In the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 20, 2001. (R. 14.) At step two, the ALJ concluded that Plaintiff's cervical spine disorder was a severe impairment. At the third step, the ALJ did not find Plaintiff's impairment equal to any impairment listed in Appendix 1 of the Regulations. (R. 15.) The ALJ then determined that Plaintiff had an RFC to perform the exertional demands of light level work. (R. 17.)

Proceeding to the fourth step, the ALJ held that Plaintiff could perform her past relevant work as a bookkeeper or school bus aide. (R. 18.) The ALJ stated that because Plaintiff had an

RFC to perform the exertional demands of light level work, and that work as either a bookkeeper or school bus aide fall within the exertional demands of light level work, Plaintiff was capable of performing past relevant work. (R. 18.) Since Plaintiff could perform her past relevant work, the ALJ did not evaluate step five, and held that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 14.)

B.  Commissioner's Disability Determination

On appeal, Plaintiff asserts that the ALJ's disability determination was not based on substantial evidence in the record because (1) the ALJ did not properly consider the medical evidence in the record; (2) the ALJ's determination of Plaintiff's RFC was not based on substantial evidence in the record; (3) the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain; and (4) the ALJ improperly concluded that Plaintiff could perform "past relevant work." The Court disagrees.

1.  The ALJ's Consideration of the Medical Evidence

The ALJ must "adequately explain in the record his reasons for rejecting or discrediting competent evidence." Ogden v. Bowen, 677 F. Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)). The ALJ is not required, however, to explicitly discuss in his decision every piece of relevant evidence. Fargnoli, 247 F.3d at 42. Instead, he must "set forth his essential considerations with sufficient specificity to enable the reviewing court to decide whether those conclusions are supported by substantial evidence." Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).

The record shows that Plaintiff exhibited improved mobility with decreasing comfort following her surgery, and that no abnormal findings were reported during subsequent testing. (R.

189, 249, 317). Additionally, the ALJ compared Plaintiff's cervical spine impairment with Listing 1.04 (disorders of the spine) of the Social Security regulations. Listing 1.04 requires "compromise of a nerve root or the spinal cord with evidence of nerve root compression characterized by . . . motor loss accompanied by sensory or reflex loss." (R. 15.) The ALJ determined that because there was no evidence of current cord or nerve root compression in the record, Plaintiff's cervical spine impairment did not meet the criteria of the listing. (R. 15.) The ALJ also noted that repeated physical examinations had revealed no motor, sensory, or reflex loss. (R. 120-134, 231-254.)

Plaintiff claims that the ALJ did not adequately articulate his reasons for rejecting the findings of Plaintiff's treating physician, Dr. Von der Schmidt, in reaching his decision. The ALJ must show "not only an expression of the evidence he considered which supports the result, but also some indication of the evidence which was rejected." Cotter, 642 F.2d at 705. Contrary to Plaintiff's argument, the ALJ did not reject the findings of Dr. Von der Schmidt. The ALJ explained his reasons why his decision did not coincide with Dr. Von der Schmidt's assessment. The ALJ noted in his decision that Dr. Von der Schmidt's assessment was that Plaintiff was "disabled." (R. 17.) However, the ALJ explained that controlling weight was not given to that assessment, because the ultimate finding of disability is an issue reserved for the Commissioner. "A statement by a medical source that [Plaintiff] is disabled does not mean that [the ALJ] will determine that [Plaintiff] is disabled." 20 C.F.R. § 404.1527(e)(1).

The ALJ's decision also stated that Dr. Von der Schmidt's assessment was not consistent with other medical evidence in the record. (R. 17.) "An opinion that is consistent with the record as a whole will be accorded more weight than an opinion that is not consistent therewith." 20 C.F.R. § 404.1527(d)(4). It appears that Dr. Von der Schmidt's assessment of Plaintiff as disabled

is inconsistent with medical evidence in the record from two other doctors. Dr. Reich, of Affiliated Orthopaedic Specialists, noted that Plaintiff had overall improvements following her surgery, and that Plaintiff could increase her stretching and strengthening exercises to her cervical spine. (R. 231-245.) Dr. Woska, of Shore Orthopaedic Group, also examined Plaintiff, and saw no reason for further surgery or a diagnostic work up. He also stated that no further MRI or EMG tests were needed, and that no treatment towards shoulder tendinitis or carpal tunnel syndrome was needed. (R. 314-317.) Dr Woska also noted that Plaintiff's cervical spine appeared to be normal. (R. 318.) Unlike Dr. Von der Schmidt, neither Dr. Reich nor Dr. Woska found Plaintiff to be totally disabled. (R. 233-253, 314-320.)  Accordingly, the ALJ properly considered the medical evidence in the record.

        2.       The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff next claims that the ALJ's determination that Plaintiff retained the RFC to perform the exertional demands of light level work, was not based on substantial evidence in the record. (R. 16, 17.) In coming to that conclusion, the ALJ relied on the State agency medical consultant's opinion to determine Plaintiff's RFC level. (R. 17.) Plaintiff argues that because the State agency medical consultant did not examine Plaintiff, those findings alone may not constitute substantial evidence. However, a "non-examining medical opinion may constitute substantial evidence in support of the ALJ's findings." Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Therefore, the ALJ's RFC determination was based on substantial evidence in the record.

        3.       The ALJ's Treatment of Plaintiff's Subjective Complaints of Pain

Plaintiff next argues that the ALJ failed to properly evaluate her subjective complaints of pain. In her testimony, Plaintiff stated that she suffers from burning pain in her shoulder, down

into to her arm and hand. (R. 34-35.) "It has long been axiomatic that a claimant's subjective complaints of pain must be given serious consideration." Smith v. California, 637 F.2d 968 (3d Cir. 1981). However, when a medically determinable impairment exists, objective medical evidence must be considered to determine whether a disability exists, whenever such evidence is available. 20 C.F.R. § 404.1529(c)(2). Here, Plaintiff has not shown an underlying medical condition which supports her assertions of pain. "Subjective complaints of pain, without more, do not themselves constitute disability." Green v. Schweiker, 749 F.2d 1066, 1070 (3d Cir. 1984).

Further, the ALJ determined that Plaintiff's assertions of pain were not totally credible. (R. 16-17). "It is well within the discretion of the ALJ to evaluate the credibility of Plaintiff's complaints." LaCorte v. Bowen, 678 F. Supp. 80, 83 (D.N.J. 1988). In his decision, the ALJ noted that Plaintiff experienced excellent relief of symptoms following surgery. The ALJ also noted that Plaintiff's subsequent treatments did not involve emergency room care, hospitalization, or significant changes in prescribed medication, despite her subjective complaints of pain. (R. 15, 16.) "In assessing statements regarding intensity and persistence of Plaintiff's symptoms, the ALJ is entitled to draw his own conclusions as to the veracity of the complaints." Hartranft, 181 F.3d at 362. Accordingly, the ALJ properly evaluated Plaintiff's subjective complaints of pain.

  4.  The ALJ's Determination of "Past Relevant Work"

Plaintiff's final argument is that the ALJ improperly concluded that Plaintiff could perform "past relevant work" as a bookkeeper or school bus aide. To determine whether the claimant can perform past relevant work, the ALJ compares the claimant's RFC with the physical and mental demands of the past relevant work. In his decision, the ALJ relied on information contained in the United States Department of Labor Dictionary of Occupational Titles ("DOT"). The ALJ

concluded that Plaintiff's past jobs as a bookkeeper and school bus aide were within her RFC range. (R. 18.) The DOT classifies the occupation of bookkeeper as a sedentary level work and the occupation of bus aide as light level work. (R. 18.) Both jobs fall within Plaintiff's RFC range of an ability to perform the exertional demands of light level work. (R. 18.)

Plaintiff asserts that the ALJ failed to use the vocational expert present at the hearing to help determine whether Plaintiff could perform past relevant work given her RFC. However, "it is within the discretion of the ALJ whether to use a vocational expert." 20 C.F.R. § 404.1566(e). The ALJ did not have to utilize a vocational expert in making his determination. The conclusion by the ALJ that Plaintiff can perform the exertional demands of light level work is supported in the record.

## CONCLUSION

The ALJ's determination that Plaintiff is not disabled under the Social Security Act exceeds the substantial evidence threshold this Court must adhere to on this appeal. Therefore, the Court affirms the Commissioner's decision.

For the foregoing reasons, and for good cause shown,

IT IS on this 15th day of February, 2006

ORDERED that the decision of the Commissioner is AFFIRMED; and it is further

ORDERED that the case is DISMISSED.

                                                    s/Anne E. Thompson
                                              ANNE E. THOMPSON, U.S.D.J.